[Crim. No. 3286. Second Appellate District, Division One.—January 30, 1940.]

THE PEOPLE, Respondent, v. TRUMAN DAWES, Appellant.

Horace Appel for Appellant.

Earl Warren, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

WHITE, J.—In an information filed by the district attorney of Los Angeles County, defendant was accused of a violation of section 501 of the Vehicle Code, in that he did, while under the influence of liquor, drive an automobile and in an unlawful manner cause bodily injury to one Theodore Gonzales.

Upon the entry of a plea of not guilty, coupled with appropriate waiver of trial by jury, the cause was submitted to the court on the transcript of the testimony given at the preliminary examination. Following his conviction and the denial of his motion for a new trial, defendant was sentenced to a term in the county jail, which sentence was suspended, and he was placed on probation. From such judgment and order denying him a new trial defendant prosecutes this appeal.

It is the contention of the attorney-general that because probation was granted an appeal from the judgment is ineffective. Such is not our understanding of the law. It is only where no judgment is pronounced, and where prior to the rendition of any judgment the proceedings are suspended and the defendant is placed on probation, that he is without a right of appeal except from the order denying his motion for a new trial if such last-named motion is made. (*People* v. *De Voe*, 123 Cal. App. 233 [11 Pac. (2d) 26]; *People* v. *Johnson*, 14 Cal. App. (2d) 373, 375 [58 Pac. (2d) 211].) Where, as here, a judgment was pronounced, the defendant may appeal therefrom even though the execution thereof is suspended and probation is granted.

Two grounds are here presented for a reversal: (1) That the court erred in receiving admissions of the defendant when no *corpus delicti* had been established; and (2) that the evidence is insufficient to sustain a conviction for violation of section 501 of the Vehicle Code.

Epitomizing the pertinent facts, we find in the record evidence that between 6 and 7 o'clock on the evening of January 20, 1939, Theodore Gonzales, the injured victim, an automobile mechanic, was towing a disabled car in an easterly direction along Sunset Boulevard, the latter car being steered by one Frank Marcus. Before they crossed the intersection of Alvarado Street Mr. Gonzales' attention was attracted to a coupe being driven by a man and with no other passenger

therein, which car was zigzagging in and about the street car tracks and over to the left side of the street, so that Gonzales had difficulty in passing such automobile. He signaled Marcus in the disabled car to watch out for the zigzagging automobile. After the tow car and the disabled automobile had passed the above-mentioned automobile, the tow chain uniting the tow car and the disabled automobile broke. When this happened Gonzales stopped the tow car, and Marcus, who was steering the rear car, coasted up close to the tow car and stopped. At that time the right sides of their respective cars were about three or four feet from the sidewalk, and both the front and rear lights on the car that was being towed were lighted. Gonzales got out of the tow car and was between the bumpers of the two cars hooking the chain on again, when the same automobile which had been zigzagging from side to side on the street and which they had passed came from behind and struck the disabled car, pinning Gonzales between the two automobiles. Extricating himself, Gonzales fell down, unconscious, with his left arm broken and both legs and his breast injured. Defendant, who was driving the car which collided with the disabled car, emerged from his machine, saying to Gonzales and Marcus, "Don't pull them tricks on me," and shaking Gonzales, told him to get up, "that he had them tricks done before on him". At this time Marcus told defendant the man was badly hurt and to leave him alone, at which time the defendant turned round toward Marcus and said, "Now, you little runt, if you don't keep quiet and keep out of my business I am going to smack you." During the conversation just related defendant was within a couple of feet of Marcus, who testified that defendant's breath smelled of liquor, that he could not walk steadily; and Marcus stated that he formed an opinion that defendant was intoxicated. A police officer who arrived at the scene of the accident found the defendant standing by his car, and upon being questioned by the officer defendant stated that he was driving his automobile east on Sunset Boulevard when the disabled car being towed stopped suddenly in front of him and he had no opportunity to avoid the accident. This police officer also testified that defendant's breath smelled of alcohol, that his speech was thick, and he staggered when he attempted to walk. In the opinion of the police officer, defendant was under the influence of intoxicating liquor.

48

■ Appellant's first contention, that his admissions made to the police officer were inadmissible because the *corpus delicti* was unproved, cannot be sustained. The rule in this regard has never been extended so far in its scope as to require that the elements or the body of the crime be proved beyond a reasonable doubt before the admissions or confessions may be received and considered as evidence. (*People* v. *Rowland,* 12 Cal. App. 6, 10 [106 Pac. 428].) Slight or *prima facie* proof of the *corpus delicti* will suffice. (*People* v. *Bausell,* 18 Cal. App. (2d) 15, 19 [62 Pac. (2d) 774], and cases therein cited.) It is also established that the requisite preliminary element of the *corpus delicti* may be proved by circumstances shown in evidence or by inferences drawn from proved facts. (*People* v. *Vicunia,* 105 Cal. App. 145 [286 Pac. 1061] ; *People* v. *Ford,* 85 Cal. App. 258 [258 Pac. 1111].) It is not essential that direct or positive evidence be produced. (*People* v. *Wilkins,* 158 Cal. 530 [111 Pac. 612] ; *People* v. *Hudson,* 139 Cal. App. 543 [34 Pac. (2d) 741].) ■ In the case at bar the prosecution, in making a *prima facie* showing of the *corpus delicti,* was not required to go further than to furnish proof that the defendant was the driver of the automobile in question and that while so driving he was intoxicated. That defendant was intoxicated was shown by overwhelming evidence. That he was the driver of the automobile which collided with the disabled automobile was certainly established, at least inferentially, by the testimony that there was but one person in the automobile seen zigzagging along Sunset Boulevard and that such lone person was driving the car, coupled with the testimony that this same automobile, within six blocks after being first observed, caused the personal injuries here in question, and the further fact that defendant immediately after the accident got out of the automobile, went over to the injured man, shook him and told him to get up, saying, ''Don't pull them tricks on me.'' It would do violence to reason and challenge one's credulity in the face of these facts to say other than that the *corpus delicti* was established by ample evidence, and without the admissions of the defendant. (*People* v. *Ellena,* 67 Cal. App. 683 [228 Pac. 389].)

■ Appellant's final claim, that the evidence is insufficient to establish a violation of section 501 of the Vehicle Code, is equally without merit. It is true, as claimed by

appellant and stated by this court in *People* v. *Levens,* 28
Cal. App. (2d) 455, 459 [82 Pac. (2d) 698], that "in order
to sustain a conviction under section 501 of the Vehicle Code,
it must appear in the evidence adduced at the trial not only
that the defendant therein was driving an automobile while
under the influence of intoxicating liquor, and that while in
such condition he committed some act forbidden by law, or
that he neglected to perform some duty imposed by law,
but in addition that such act, or such neglect, proximately
caused bodily injury to some person". In the same case,
however, it is stated that from a consideration of the facts
and circumstances in each case it must be determined whether
the acts shown to have been committed constitute a violation
of the section in question. A comparison of the facts
in the case just cited with the situation revealed by the record
in the instant case immediately suggests the dissimilarity
between the two. In the Levens case, *supra,* the evidence
indicated that the defendant was driving carefully at a rate
of approximately 25 miles per hour, observing all boulevard
stops, and that the car he struck was parked at a 45-degree
angle to the curb, at 2:30 o'clock in the morning, without
lights, while in the case before us the evidence shows that the
defendant was recklessly driving along Sunset Boulevard, zig-
zagging from side to side, sometimes on the left side of the
street, and finally ran into the rear of a lighted disabled car
standing within a few feet of the sidewalk on its right side
of the street, and which car had been stopped there long
enough to permit the driver of the car towing it to get out
and fix a broken tow chain.

The acts forbidden by law and committed by appellant
while driving his automobile when intoxicated which support
the conviction are driving upon a highway in such a manner
as to indicate a wilful and wanton disregard for the safety
of persons or property (subd. a, sec. 505, Vehicle Code),
coupled with his failure to follow the disabled automobile and
its tow car at a reasonable and prudent distance, having due
regard for the speed of such vehicles and the traffic upon,
and the condition of, the roadway. (Subd. a, sec. 531, Vehi-
cle Code.) That the reckless, illegal and unlawful manner
of defendant's driving proximately contributed to the in-
juries sustained by Theodore Gonzales admits of no doubt.

For the foregoing reasons, the judgment and the order denying defendant's motion for a new trial are, and each of them is, affirmed.

York, P. J., and Doran, J., concurred.