[No. B040150. Second Dist., Div. Seven. May 10, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
SALVADOR CAPETILLO, Defendant and Appellant.

212

**COUNSEL**

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Robert F. Katz and Donald E. DeNicola, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**JOHNSON, J.**—Appellant, Salvador Capetillo, was found guilty of unauthorized use of a vehicle (Veh. Code, § 10851),[1] hit and run (§ 20001), and felony drunk driving (§ 23153, subd. (a)). He appeals only the felony drunk driving conviction.

We have concluded the evidence fails to establish the elements necessary for a felony drunk driving conviction. Therefore we modify the judgment in that respect. In all other respects, the judgment is affirmed.

STATEMENT OF FACTS AND PROCEEDINGS BELOW

On July 6, 1988, Douglas Snyder discovered his 1971 Chevrolet station wagon had been taken without his permission. The following day, Mr. Snyder's automobile was involved in a collision with another automobile at an intersection.

The only testimony about the collision and Capetillo's involvement was offered by Officer Bradley Berman. The officer testified he was in the process of issuing a traffic citation on July 7, 1988. He heard a loud noise and looked toward the nearby intersection. He saw two cars had collided there. The cars involved in the accident were Mr. Snyder's station wagon and a Datsun. Officer Berman saw a person exit from the driver's side of the station wagon and run away. Officer Berman rushed to the accident scene and requested an ambulance. The driver of the Datsun 280Z suffered facial, scalp and leg injuries as a result of the collision.

Within five to ten minutes, a police radio broadcast reported a man near the vicinity of the accident was screaming for an ambulance. When Officer Berman reached the area, that man, who turned out to be defendant Capetillo, saw the officer and took off running. Officer Berman caught Capetillo and placed him under arrest. Officer Berman testified Capetillo was the person who exited from the driver side of the station wagon at the scene of the accident.

At trial it was stipulated Capetillo was under the influence of cocaine at the time of his arrest.

DISCUSSION

Section 23153, subdivision (a) provides: "It is unlawful for any person, while under the influence of an alcoholic beverage or any drug, or under the

---

[1] All statutory references are to the Vehicle Code unless otherwise indicated.

combined influence of an alcoholic beverage and any drug, to drive a vehicle and, *when so driving, do any act forbidden by law* or neglect any duty imposed by law in the driving of the vehicle, *which act* or neglect *proximately causes bodily injury* to any person other than the driver." (Italics added.)

The issues in this case are whether the unauthorized use of a vehicle or a hit and run violation satisfy the requirement of doing an act forbidden by law, in the driving of the vehicle, and if so, whether either of these acts proximately caused the bodily injury here.

## I. CAPETILLO'S CONVICTION FOR FELONY DRUNK DRIVING IS NOT SUPPORTED BY THE EVIDENCE BEFORE THE TRIAL COURT.

■ Violation of section 23153, subdivision (a) requires proof of three elements: (1) that the defendant drove a vehicle while under the influence of an alcoholic beverage (or drug); (2) that when so driving, the defendant did some act which violated the law or failed to perform some duty required by law; and (3) that as a proximate result of such violation of law or failure to perform such duty, another person was injured. (*People* v. *Oyaas* (1985) 173 Cal.App.3d 663, 667 [219 Cal.Rptr. 243].)

### A. *The First Element, Driving Under the Influence of Alcohol or Drugs, Was Established by the Evidence.*

Based on the stipulation Capetillo was under the influence of cocaine at the time of his arrest, the trial court properly found Capetillo was under the influence of cocaine when he drove the station wagon. Thus, the first element of section 23153, subdivision (a) was established.

### B. *The Second Element, Doing an Act Forbidden by Law in the Driving of the Vehicle, Can Only Be Satisfied by Some Ground Raised by the Prosecution Below.*

■ The second element is separate from and is not satisfied by evidence the defendant was under the influence of alcohol or drugs while operating the vehicle. (*People* v. *Thurston* (1963) 212 Cal.App.2d 713, 714-715 [28 Cal.Rptr. 254].) The evidence must establish an unlawful act or omission in addition to driving under the influence. (*People* v. *Ferrara* (1988) 202 Cal.App.3d 201, 206 [248 Cal.Rptr. 311].)

Appellate decisions construing section 23153 demonstrate a wide variety of acts or omissions which satisfy the requirement the defendant commit an unlawful act when driving. These acts include the failure to yield the right of way to a pedestrian, (*People* v. *Walker* (1968) 266 Cal.App.2d 562, 568-

569 [72 Cal.Rptr. 224]); violating the basic speed law, (*People* v. *Lares* (1968) 261 Cal.App.2d 657, 665 [68 Cal.Rptr. 144]); knowingly operating a car with defective brakes (*People* v. *Campbell* (1958) 162 Cal.App.2d 776, 782 [329 P.2d 82]); driving a vehicle when the windshield was so dirty as to cause poor visibility (*People* v. *Graybehl* (1944) 67 Cal.App.2d 210, 214 [153 P.2d 771]; and recklessly driving by zigzagging from side to side (*People* v. *Dawes* (1940) 37 Cal.App.2d 44, 49 [98 P.2d 787]).

The common thread weaving through all these cases is the violation of law or failure to perform a duty imposed by law occurred *when* the accused was driving the vehicle. Each case identifies some feature which is in addition to and independent from the mere act of driving the vehicle while under the influence of alcohol or a narcotic.

In the present case, the only acts or omissions supported by the evidence are the joyriding and hit-and-run offenses. Therefore, felony drunk driving must be established, if at all, on the basis of one of those offenses. (*People* v. *Ferrara, supra,* 202 Cal.App.3d at p. 206.)

1. *Although Capetillo unlawfully drove a vehicle without the owner's permission, such violation fails to satisfy the requisite element of doing an unlawful act in the driving of the vehicle.*

■ Capetillo was convicted of the unauthorized use of a vehicle, sometimes called "joyriding." Section 10851, subdivision (a) reads: "Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent either to permanently or temporarily to deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, . . . is guilty of a public offense . . . ." This violation does not satisfy the requirement of "when so driving, do any act forbidden by law . . . in the driving of the vehicle." In this case it was Capetillo's driving the stolen vehicle which, itself, violated the law, rather than his violating the law or neglecting a duty "when driving." Although the unlawful driving or taking of a vehicle is an act forbidden by law, it is not a violation which occurred when Mr. Capetillo was "so driving."

The premise behind felony drunk driving is to penalize more severely those drivers who, in addition to driving under the influence, are careless in operating or maintaining their vehicles. If this court were to uphold the ruling below, we would be imposing a felony drunk driving conviction on Capetillo because he was driving somebody else's car without permission, rather than because "when so driving" Capetillo committed a crime or breached a duty of care. Let us assume, for example, Capetillo, under the

influence of drugs, was driving another's car without permission and that while legally stopped at an intersection he was plowed into by another driver going 90 miles per hour. If joyriding alone satisfied the unlawful act requirement, we would then be compelled to find the defendant guilty of felony drunk driving even though he had committed no violation when driving and had been struck because of the other driver's negligence.

*2. The hit and run violation may satisfy the requirement of doing an act forbidden by law in the driving of the vehicle.*

Under sections 20001 and 20003 the driver of any vehicle involved in an accident resulting in injury to any person, other than himself, must immediately stop the vehicle at the scene of the accident and give his name, address, the registration number of the vehicle he is driving, the name of the owner, and upon request and if available exhibit his driver's license to the person struck or the driver or occupants of any vehicle collided with or give such information and exhibit his license to any traffic or police officer at the scene of the accident and render to any person injured in the accident reasonable assistance, including the carrying or the making arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if such carrying is requested by the injured person.[2]

■ The purpose of section 20001 is to prohibit drivers from leaving injured persons in distress and danger from lack of medical care. (*Karl* v.

---

[2] Section 20001 provides as follows: "(a) The driver of any vehicle involved in an accident resulting in injury to any person, other than himself or herself, or in death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004. [¶] (b)(1) Except as provided in paragraph (2), any violation of subdivision (a) shall be punished by imprisonment in the state prison, or in the county jail for not to exceed one year or by fine of not to exceed ten thousand dollars ($10,000), or by both. [¶] (2) Any violation of subdivision (a) which results in death or permanent, serious injury, shall be punished by imprisonment in the state prison for two, three, or four years, or in the county jail for not to exceed one year or by a fine of not to exceed ten thousand dollars ($10,000) or by both. [¶] As used in this paragraph, 'permanent, serious injury,' means loss or permanent impairment of function of any bodily member or organ."

Section 20003 provides as follows: "(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall also give his name, address, the registration number of the vehicle he is driving, and the name of the owner to the person struck or the driver or occupants of any vehicle collided with or shall give such information to any traffic or police officer at the scene of the accident and shall render to any person injured in the accident reasonable assistance, including the carrying or the making arrangements for the carrying of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if such carrying is requested by the injured person. [¶] (b) Any driver subject to the provisions of subdivision (a) shall also, upon being requested, exhibit his driver's license, if available, to the person struck or to the driver or occupants of any vehicle collided with or to any traffic or police officer at the scene of the accident."

*C. A. Reed Lumber Co.* (1969) 275 Cal.App.2d 358, 361 [79 Cal.Rptr. 852]). In *People* v. *Jordan* (1963) 214 Cal.App.2d 400 [29 Cal.Rptr. 619]), the defendant's car collided with another car. The defendant abandoned his car and fled the scene of the accident. The court found the defendant violated section 20001 because he did not stop to render any aid to the injured persons or identify himself to anyone at the scene. (*Id*. at p. 403.) The facts here are similar to *Jordan*. After the accident Capetillo immediately fled the scene. Because he failed to render aid or identify himself after the car he was driving collided with the Datsun 280Z, he was properly convicted of violating section 20001.

■ The question remains whether a violation of section 20001 is an act which occurs "in the driving of a vehicle." It arguably could be considered a violation while driving if a driver collided with another automobile and continued to drive without stopping. In this scenario the duty to stop and render aid or properly identify oneself would be triggered by the occurrence of an accident. If the driver continued to drive it might be argued he had breached this duty while driving the vehicle. However, in the present matter Capetillo stopped the automobile he was driving after the collision. Here too the duty to render aid and identify himself originated with the accident. Although it is uncontroverted Capetillo violated section 20001 by fleeing on foot, he was not driving at the time he committed the violation. Accordingly, under a strict construction of section 23153, subdivision (a), the section 20001 offense cannot be used as a predicate for conviction of felony drunk driving.

However, we need not decide this issue and do not decide it in this case. As we explain below, even assuming Capetillo violated section 20001 while driving, that violation did not proximately cause bodily injury to the driver of the Datsun.

C. *The Third Element Requires the Violation of Law While Driving Proximately Caused Bodily Injury.*

1. *Assuming the unauthorized use of a vehicle does satisfy the unlawful act requirement, the evidence does not support a finding such act proximately caused the injury.*

■ The People argue the proximate cause element is satisfied here because the collision would not have happened but for Capetillo's unauthorized use of the vehicle, and that the collision occurred naturally and in the absence of any evidence of a new and independent intervening cause. That is, if Capetillo had not been "joyriding" in Mr. Snyder's car it and the Datsun would not have been at the intersection at the same time and thus

would not have collided. That is "but for" causation. However, it does *not* prove Capetillo's unauthorized use was a "proximate cause" of the collision.

The proper question is whether there was an unbroken connection between the wrongful act and the injury. The facts in the record only tell us the noise of the collision alerted the officer's attention to the accident. Without more, the evidence lacks substantial support showing Capetillo's joyriding was the proximate cause of the accident and resulting injuries. At the very least the evidence would have to establish the fact joyriding led Capetillo to drive negligently in some manner. The evidence is insufficient to support such a finding. Indeed, there is nothing in the evidence to exclude the existence of negligence on the part of the other driver as the cause of the accident. The prosecution simply failed to prove what or whom actually caused the collision to occur.

*2. Assuming hit and run can satisfy the unlawful act requirement needed to impose felony drunk driving, under these facts hit and run did not proximately cause the injury.*

 The evidence offered in this case establishes the driver of the Datsun suffered facial, scalp and leg injuries as a result of the collision. There is no evidence which suggests the victim's injuries were aggravated in any way by Capetillo's fleeing the scene. Hypothetically, suppose an automobile collision involving a "hit and run" occurred in the dead of night on an abandoned road. The defendant leaves the victim at the scene of the accident and the victim is not found until the following day. The defendant's failure to stop and render aid delays needed medical treatment. As a result, the victim develops gangrene and is forced to undergo amputation. In such a case, the "hit and run" could be the proximate cause of the injury.

Here, the prosecution failed to prove any injuries or aggravation to existing injuries were proximately caused by Capetillo's failure to identify himself and render aid. Therefore, on the evidence in this case the hit and run cannot support a conviction for felony drunk driving.

## II. The Evidence Supports a Conviction for the Lesser Included Offense of Driving Under the Influence and the Judgment Will Be Modified Accordingly.

 Where one is prosecuted for violation of section 23153, felony drunk driving, the defendant may be convicted of violating section 23152, simple drunk driving. The latter section makes it unlawful to drive a vehicle on a public highway while intoxicated. Driving under the influence of alcohol or

narcotics is the basis of both sections. Section 23153 merely requires proof of additional circumstances beyond the elements of section 23152. If the prosecution fails to prove those circumstances, the defendant may still be guilty of the lesser included offense defined in section 23152. (See *People* v. *Gossman* (1949) 95 Cal.App.2d 293, 295 [212 P.2d 585], construing former §§ 501 and 502.)

This court may reverse, affirm or modify a judgment appealed from, or reduce the degree of the offense or punishment imposed. (Pen. Code, § 1260.) In our discretionary power we reduce the felony drunk driving conviction to the necessarily included crime of driving under the influence of drugs, (§ 23152), and remand the matter to the trial court for resentencing.

### DISPOSITION

The judgment is modified by reducing the conviction for violation of section 23153 to a violation of section 23152. The judgment, as so modified, is affirmed, and the matter is remanded to the trial court for resentencing on the violation of section 23152.

Lillie, P. J., and Woods (Fred), J., concurred.