[No. H014769. Sixth Dist. Apr. 29, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ONEAL WEEMS, Defendant and Appellant.

**COUNSEL**

Victoria L. Hernandez Booke and Marina Meyere Da Silveira, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Clifford K. Thompson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COTTLE, P. J.**—A jury found defendant Michael Oneal Weems guilty of two felonies, causing injury to another while driving under the influence of alcohol (Veh. Code, § 23153, subd. (a)) and causing injury to another while having 0.08 percent or more, by weight, of alcohol in his blood (Veh. Code, § 23153, subd. (b)).[1] Defendant was placed on probation for five years upon condition, inter alia, that he serve four months in county jail and pay $10,767.39 in restitution. On appeal defendant does not dispute he was driving under the influence of alcohol or that he was driving while having 0.08 percent or more, by weight, of alcohol in his blood. However, he contends his convictions must be reversed because the jury erroneously was

---

[1] All subsequent statutory references are to the Vehicle Code unless otherwise specified.

instructed it could consider evidence of defendant's violation of the mandatory seat belt law (§ 27315) in determining whether, while driving under the influence or with the prohibited blood-alcohol percentage, he concurrently did an unlawful act or neglected a legal duty which proximately caused injury to another. For the reasons stated below, we conclude a driver's violation of our state mandatory seat belt law does constitute a concurrent "act forbidden by law, or neglect [of] any duty imposed by law in driving the vehicle" within the meaning of section 23153 and that, in this case, the seat belt violation was an "act or neglect" which "proximately cause[d] bodily injury to [a] person other than the driver." (§ 23153, subds. (a) and (b).) We therefore shall affirm the judgment.

## FACTS

About midnight on November 17, 1993, defendant went to Skinney's Bar in Capitola where he drank four or five 10- to 12-ounce cups of beer. About three hours later, defendant left for San Jose in his sports car with passengers Miguel Moscoso and Brice Burnett. Burnett rode in the front passenger seat; both defendant and Burnett fastened their seat belts. Moscoso squeezed into the small rear seat, lay down, and eventually fell asleep. Moscoso did not secure his safety belt, and defendant admits he did not tell Moscoso to do so. On highway 17, defendant fell asleep at the wheel; his car spun "out of control" and crashed into a guardrail, causing major damage to the car. Moscoso was awakened by slamming against the car's ceiling and then was knocked out; he suffered scalp lacerations requiring 26 sutures, a compression fracture of a vertebrae, and a hand fracture when he hit a window in an involuntary reaction to the accident. When Officer Kimmey arrived at the accident scene at 3:17 a.m., he noticed defendant's alcoholic breath, slightly slurred speech, and red, watery eyes. After determining defendant had been the driver, Kimmey administered field sobriety tests during which defendant swayed and lost his balance. Defendant told Kimmey he had been driving 55 miles per hour before falling asleep.[2] Kimmey concluded defendant had been driving under the influence of alcohol and had violated the basic speed law (§ 22350), the prohibition against unsafe turning movements (§ 22107) and the requirement that his adult passengers be properly restrained by safety belts (§ 27315). Based upon skid marks and the stretch of road involved, Kimmey concluded defendant's speed had contributed to the accident. Blood drawn from defendant at 4:40 a.m. that morning was tested three times; the findings ranged from blood-alcohol levels of .082 to .088, and a forensic chemist later testified defendant probably had a blood-alcohol level of at least .10 percent at the time of the accident.

---

[2]The posted speed limit was 50 miles per hour.

## DISCUSSION

The sole question raised by this appeal is whether a defendant's failure to ensure all his adult passengers were wearing a safety belt, which is a violation of the mandatory "seat belt" law (§ 27315, subd. (d)(1)), may satisfy the neglect of duty element within section 23153, the statute which defines the felony offenses of driving under the influence and causing injury.[3]

The elements of the felony offense described by section 23153, subdivision (a) are "(1) driving a vehicle while under the influence of an alcoholic beverage or drug; (2) when so driving,[4] committing some act which violates the law or is a failure to perform some duty required by law; and (3) as a proximate result of such violation of law or failure to perform a duty, another person was injured. [Citation.] Section 23153, subdivision (b), has the same elements except the first element is expressed as driving a vehicle 'while having 0.08 percent or more, by weight, of alcohol in his or her blood . . . .' [Citation.] To satisfy the second element, the evidence must show an unlawful act or neglect of duty *in addition* to driving under the influence." (*People* v. *Minor* (1994) 28 Cal.App.4th 431, 437-438 [33 Cal.Rptr.2d 641], italics omitted.) The unlawful act or omission "need not relate to any specific section of the Vehicle Code, but instead may be satisfied by the defendant's ordinary negligence. (§ 23153, subd. (c); *People* v. *Oyaas* (1985) 173 Cal.App.3d 663, 669 [219 Cal.Rptr. 243].)" (*People* v. *Hernandez* (1990) 219 Cal.App.3d 1177, 1185 [269 Cal.Rptr. 21].)

In the instant case, the trial court instructed the jury on the three elements of the charged offenses. Regarding the unlawful act or neglect of duty element, it instructed that the prosecution must prove defendant violated the basic speed law or the prohibition against unsafe turning movements, or that defendant was negligent in driving his vehicle. After defining negligence, the court instructed that, "in determining whether the defendant neglected any duty imposed by law," the jury could "consider" any violation of section 27315, which provided, at that time, that no person shall operate

---

[3]Section 23153, subdivision (a) provides: "It is unlawful for any person, while under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

Section 23153, subdivision (b) provides: "It is unlawful for any person, while having 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

[4]A 1992 amendment to section 23153 substituted the word "concurrently" for the words "when so driving."

a private passenger motor vehicle upon a highway unless all persons in his vehicle "four years of age or over are properly restrained by a safety belt." (§ 27315, subd. (d).)[5]

Defendant does not dispute the sufficiency of the evidence supporting each of these theories, and he concedes his failure to instruct his passenger to wear a safety belt "may have caused the injuries."[6] Instead, he claims a proven violation of section 27315, subdivision (d) cannot support a jury finding of the unlawful act or negligent act or negligent omission required by section 23153 and that his convictions therefore cannot stand because the prosecution presented its case on alternate theories, one of which was legally incorrect. Defendant's argument rests upon the premise that there must be "a causal link" between the violation of the law which is an additional concurrent negligent act or omission besides driving under the influence and "the accident which caused the injury" rather than simply a causal link between the negligent act or omission and the injury itself. Defendant reasons the legislative purpose in enacting section 23153 was "to punish more severely those drivers who were careless in the operation of their vehicles" and that the concurrent act or omission "must be related to the actual careless driving of the vehicle, like . . . speeding, zig-zagging, and not yielding, etc." and *"must proximately cause the accident."* (Italics in original.)

▮ "[W]here the statute is 'clear', 'plain', and 'unambiguous' on its face, so that taken by itself it is fairly susceptible of only one construction, that construction must be given to it and any inquiry into the purposes, background, or legislative history of the statute is foreclosed." (Farnsworth, An Introduction to the Legal System of the United States (1963) p. 72; see also 1A Sutherland, Statutory Construction (5th ed. 1993) pp. 855-856.) ▮ Here, we conclude the plain meaning of section 23153 does not support defendant's interpretation of the statute. Both subdivisions (a) and (b) of section 23153 clearly refer to an "act or neglect" which "proximately causes bodily injury to any person other than the driver." The statute is also clear that the only required link between the driving under the influence and the "act or neglect" is that the two occur "concurrently." (§ 23153, subds. (a)

---

[5]Section 27315, subdivision (d) was amended after defendant's accident to require seat belts for those 16 years of age or over. (Stats. 1994, ch. 1101, § 2.) Given that defendant's unbuckled passenger was 23 years old at the time of the accident in question, the amendment is inconsequential in this case.

[6]While defendant briefly suggests his failure to ensure passenger Moscoso was wearing a safety belt occurred prior to the driving and therefore was not "concurrent" with his driving, he correctly appears to recognize that a violation of the seat belt law may be considered "continuous." As discussed throughout this opinion, we are unpersuaded by defendant's claim that the concurrent neglect of duty while driving under the influence must be "incident to" and "part of" the driving.

and (b).) There is nothing in the language of the statute which suggests the "act or neglect" must also proximately cause the accident and relate "to the actual careless driving of the vehicle," as defendant contends.

However, even assuming arguendo the statutory language was ambiguous, we would construe the statute in conformity with what we find to be the plain meaning of the statute.

■ In interpreting the language of section 23153, we are cognizant that " '[t]he fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.] In order to determine this intent, we begin by examining the language of the statute. [Citations.] But "[i]t is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend." [Citations.] Thus, "[t]he intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act." ' " (*People v. Thomas* (1992) 4 Cal.4th 206, 210 [14 Cal.Rptr.2d 174, 841 P.2d 159].) Furthermore, "we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" (*Ibid.*)

■ The California Supreme Court has recognized that "[t]he drunk driver cuts a wide swath of death, pain, grief, and untold physical and emotional injury across the roads of California and the nation" (*Burg v. Municipal Court* (1983) 35 Cal.3d 257, 262 [198 Cal.Rptr. 145, 673 P.2d 732]), and it was "the causing of such injuries which the state [sought] to minimize" by enacting former section 501,[7] the precursor to the present section 23153, subdivision (a). (*People v. Chatham* (1941) 43 Cal.App.2d 298, 300 [110 P.2d 704]; see Stats. 1935, ch. 764, p. 2141.) We are convinced that one of the legislative purposes underlying subdivisions (a) and (b) of section 23153 is identical to that of the mandatory seat belt law, namely, "to reduc[e] highway deaths and injuries . . . ." (§ 27315, subd. (a).) In *People v. Coyle* (1988) 204 Cal.App.3d Supp. 1, 4 [251 Cal.Rptr. 80], the court held that California's mandatory seat belt law serves the purpose of "saving lives and promoting the welfare of its citizens." The specific intent of the Legislature in enacting section 23153 was to punish more severely those drivers who commit a concurrent unlawful act or breach of duty in addition to driving under the influence. (*People v. Capetillo* (1990) 220 Cal.App.3d 211, 217 [269 Cal.Rptr. 250].)

---

[7]Section 501 provided, in pertinent part, that "[a]ny person who, while under the influence of intoxicating liquor, drives a vehicle and when so driving does any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle, which act or neglect proximately causes bodily injury to any person, is guilty of a felony . . . ."

We agree with the People that "[t]he common legislative objective of these statutes would be frustrated rather than advanced by interpreting section 23153's phrases '*any* act forbidden by law' and the neglect of '*any* duty imposed by law in driving the vehicle,' to exclude as a basis for the increased liability noncompliance with our mandatory seat belt law."

A variety of acts or omissions have been held to satisfy the unlawful act requirement of section 23153, including the failure to yield the right-of-way to a pedestrian (*People* v. *Walker* (1968) 266 Cal.App.2d 562, 568-569 [72 Cal.Rptr. 224]), violating the basic speed law (*People* v. *Lares* (1968) 261 Cal.App.2d 657 [68 Cal.Rptr. 144]), and recklessly driving by zigzagging from side to side (*People* v. *Dawes* (1940) 37 Cal.App.2d 44, 49 [98 P.2d 787]). In each of these cases, the defendant's additional act or omission was an imprudent act of driving which was a proximate cause of both the accident and the injury which occurred.

However, in *People* v. *Campbell* (1958) 162 Cal.App.2d 776 [329 P.2d 82], the court reviewed a conviction under former section 501 and concluded that operating a car with defective brakes supported the conviction either as a violation of the Vehicle Code or as proof of negligence. In *People* v. *Graybehl* (1944) 67 Cal.App.2d 210 [153 P.2d 771], the court held that in a former section 501 prosecution the unlawful act requirement was satisfied by evidence that the defendant drove his car with its windshield so dirty " '. . . as to impair the driver's vision,' " which is a violation of the Vehicle Code (§ 677). (67 Cal.App.2d at pp. 216-218.) In each of these cases, the equipment violation in question directly impaired the driver's ability to drive the car in a manner so as to avoid an accident and proximately caused the injuries to a person other than the driver.

Our facts do not fit into either pattern described above because failure to ensure one's passengers are wearing safety belts can neither cause an accident nor can such neglect of duty directly impair the ability to drive a car in a manner so as to avoid an accident. However, failure to ensure that one's passengers are wearing safety belts is a neglect of duty while driving, which can proximately cause bodily injury to someone other than the driver operating his vehicle while under the influence.

In *People* v. *Capetillo*, *supra*, 220 Cal.App.3d 211, the court concluded the defendant's violation of unlawfully driving a vehicle without the owner's permission does not satisfy the requisite element of doing an unlawful act in the driving of the vehicle within the meaning of section 23153. (220 Cal.App.3d at p. 217.) It reasoned that "[t]he premise behind felony drunk driving is to penalize more severely those drivers who, in addition to driving

under the influence, are careless in operating or maintaining their vehicles" (*id.*, at p. 217) and that "[i]f this court were to uphold the ruling below, we would be imposing a felony drunk driving conviction on Capetillo because he was driving somebody else's car without permission, rather than because 'when so driving' Capetillo committed a crime or breached a duty of care." (*Ibid.*) The court's reasoning continued as follows: "Let us assume, for example, Capetillo, under the influence of drugs, was driving another's car without permission and that while legally stopped at an intersection he was plowed into by another driver going 90 miles per hour. If joyriding alone satisfied the unlawful act requirement, we would then be compelled to find the defendant guilty of felony drunk driving even though he had committed no violation when driving and had been struck because of the other driver's negligence." (*Id.*, at pp. 217-218.)

While we agree that the joyriding violation in *Capetillo* did not satisfy the unlawful act requirement, we reach this conclusion for reasons divergent from the reasoning set forth by the *Capetillo* court. We cannot conceive of a situation where the joyriding would proximately cause the bodily injury to someone other than the driver except under the theoretical but-for analysis first set forth in *Wong Sun* (*Wong Sun* v. *United States* (1963) 371 U.S. 471 [83 S.Ct. 407, 9 L.Ed.2d 441]); in other words, nothing about driving someone else's car increases the risk of injury to others apart from the fact that, otherwise, the defendant driver might not have been driving a car at all. Therefore, the joyriding violation, like a hit-and-run violation also discussed in *Capetillo*, did not proximately cause bodily injury to someone other than the individual driving under the influence.

In our opinion, it is the fact the defendant in *Capetillo* committed no violation when driving which proximately caused someone's injury that renders unwarranted an application of section 23153 to the facts in that case, but not the fact that the defendant driver could have "been struck because of the other driver's negligence." (220 Cal.App.3d at p. 218.) For example, let us assume the defendant in our case, while under the influence of alcohol, was driving his car having neglected to ensure that his backseat passenger was wearing his safety belt and that the defendant was plowed into by another driver while he was legally stopped at an intersection. If the defendant and his front passenger, who were wearing safety belts, were uninjured while the rear passenger was thrown to the roof of the car and injured because he was not belted, application of section 23153 would be warranted if the evidence established that defendant's neglect of his duty under the mandatory seat belt law was a proximate cause of the injury. We reach this conclusion because we believe section 23153 was enacted to punish a driver who, because he or she is under the influence, commits an additional unlawful act or breach of duty which risks, and actually causes, injury to someone other than the driver who is under the influence.

As noted above, we are convinced that section 23153 is designed to punish more severely those individuals who drive under the influence and concurrently commit an additional act forbidden by law or neglect a duty imposed by law which causes injury to someone other than the driver. Here, the evidence showed defendant was under the influence within the meaning of both subdivisions (a) and (b) of section 23153, his failure to ensure that all of his passengers were wearing safety belts was a neglect of duty which occurred concurrently with his driving under the influence, and that neglect of duty proximately caused the injury to defendant's backseat passenger. We are unpersuaded by defendant that we must narrow the types of unlawful acts or omissions which can satisfy the concurrent act or neglect of duty element of section 23153 to those which proximately cause the accident itself. Instead, we conclude the failure to require one's passenger to wear a seat belt is the type of careless, unlawful neglect of duty during driving which can support a conviction under section 23153.

### DISPOSITION

The judgment is affirmed.

Premo, J., and Bamattre-Manoukian, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 13, 1997.