[No. H000284. Sixth Dist. Oct. 22, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
VICKI LYNN OYAAS, Defendant and Appellant.

COUNSEL

Mark R. Vermeulen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van De Kamp, Attorney General, Linda Ludlow, Morris Lenk and David Rose, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

AGLIANO, J.—Defendant appeals from a judgment of conviction following a court trial in which she was found guilty of having driven a motor vehicle while under the influence of alcohol, with .10 percent and more of alcohol in her blood, and causing bodily injury to another as a result of an unlawful act or omission. (Veh. Code, § 23153, subds. (a) and (b).) The court further found that defendant had suffered a prior conviction for driving under the influence of alcohol within five years of the current offense. (Veh. Code, § 23185.)

Defendant was sentenced to state prison for the upper term of three years, with execution thereof suspended for a period of five years on condition she serve 270 days in the county jail and comply with other specified conditions.

Defendant contends the judgment should be reversed because (1) the evidence at the preliminary hearing was insufficient to sustain the magistrate's order holding defendant to answer (see Pen. Code, § 995), (2) the evidence at trial was insufficient to support the judgment, (3) the sentence exceeded the term prescribed by law, and (4) the conditions of probation imposed were unauthorized. We determine that defendant's contentions are without substantial merit and affirm the judgment.

### The Evidence

On August 26, 1984, at approximately 1:30 a.m., defendant, then 18 years of age, was driving her 1976 Honda on U.S. Highway 101 north of Salinas in Monterey County when the vehicle went out of control, rolled over and was then struck by another northbound vehicle. The Honda contained five passengers in addition to defendant. Two were girlfriends of defendant with whom she had been "cruising" Main Street and three were teenage boys who had asked for a ride home. One of the boys died as a result of the accident. Other passengers suffered various injuries.

Witnesses gave varied descriptions of the accident. The passengers testified essentially that defendant was driving normally when the vehicle suddenly jerked to the side and rolled. One testified that defendant was in the process of changing lanes when a "popping" sound was heard and the car went out of control. Defendant told the investigating police officer she had

had problems with her steering which she left unrepaired for lack of money. However, an expert who inspected the Honda after the accident testified it was not defective.

Witnesses who were traveling in a vehicle approaching the highway from an on-ramp testified they saw the lights on defendant's vehicle moving erratically seconds before it was struck by the second vehicle.

Another witness testified he was driving a truck northbound in the slow lane of U.S. 101 at 50 to 55 miles per hour when he first saw the lights of defendant's vehicle reflected in his "overhead" mirror. The vehicle was in the fast lane about 10 to 15 feet behind him and slowly overtaking him. It swerved a few feet to the right, then to the left, and then "the swerving got bigger." It swerved "[m]aybe six or so" times before it began tumbling.

Defendant does not dispute the evidence she was under the influence of alcohol while driving the vehicle at the time of the accident. Alcohol was on her breath, she failed satisfactory performance of several field sobriety tests, and a blood alcohol test disclosed the presence of .13 percent alcohol.

### *Sufficiency of the Evidence*

Defendant's principal contention is that the evidence does not establish an essential element of the offense of which she was convicted. The offense of violation of Vehicle Code section 23153 requires proof of three elements:

1. That the defendant drove a vehicle while under the influence of an alcoholic beverage (subd. (a)) *or* while having 0.10 percent or more, by weight, of alcohol in his or her blood (subd. (b));

2. That when so driving, the defendant did some act which violated the law or failed to perform some duty required by law; and

3. That as a proximate result of such violation of law or failure to perform such duty, another person was injured. (CALJIC No. 12.60 (1984 rev.).)

Defendant argues the evidence falls short of establishing the second element—that an accused "do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, . . ." (Veh. Code, § 23153.) This element is separate from and is not satisfied by evidence that the defendant was under the influence of alcohol while operating the vehicle. (*People* v. *Thurston* (1963) 212 Cal.App.2d 713, 714-715 [28 Cal.Rptr.

254].) The evidence must establish an unlawful act or omission in addition to driving under the influence of alcohol. (*Id.*, at p. 714.)

■ The trial court made an express finding that defendant drove erratically in swerving the vehicle from side to side, as witnessed by the driver traveling ahead of defendant immediately prior to the accident, and concluded that this conduct satisfied the element in question.

We review the evidence under the standard announced by the California Supreme Court in *People* v. *Johnson* (1980) 26 Cal.3d 557, 562 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255], as follows: "[T]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ■ To elaborate, "[t]he test on appeal is whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt. [Citation.] The appellate court must determine whether a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt." (*People* v. *Reilly* (1970) 3 Cal.3d 421, 425 [90 Cal.Rptr. 417, 475 P.2d 649].) ■ The evidence must be viewed in the light most favorable to respondent and the existence of every fact the trier could reasonably deduce from the evidence must be presumed. (*People* v. *Mosher* (1969) 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659].) "The court does not, however, limit its review to the evidence favorable to the respondent. As *People* v. *Bassett, supra,* 69 Cal.2d 122 [70 Cal.Rptr. 193, 443 P.2d 777], explained, 'our task . . . is twofold. First, we must resolve the issue in the light of the *whole record*—i.e., the entire picture of the defendant put before the jury—and may not limit our appraisal to isolated bits of evidence selected by the respondent. Second, we must judge whether the evidence of each of the essential elements . . . is *substantial;* it is not enough for the respondent simply to point to "some" evidence supporting the finding, for "Not every surface conflict of evidence remains substantial in the light of other facts." ' (69 Cal.2d at p. 138.)" (*People* v. *Johnson, supra,* 26 Cal.3d at p. 577.) (Italics in original.)

■ With these principles in mind we find the evidence sufficient to support the trial court's judgment. The vehicle was entirely within the control of defendant.[1] There was no evidence of a physical defect in the vehicle or in the roadway which might discredit the inference that the sole cause of

---

[1]Defendant made an attempt at trial to show that her front seat passenger grasped and turned the steering wheel causing loss of control but the proffered evidence on the point was ruled incompetent.

the accident was an imprudent manipulation of the steering wheel by the defendant. The stability of the vehicle in the face of such handling was doubtless compromised by the excessive number of passengers, a factor also within defendant's control.

The trial court was faced with evaluating the credibility of witnesses who suggested the accident was beyond defendant's control and the contrasting testimony that the vehicle swerved from side to side up to six times before it rolled over. The court was further required to determine whether the swerving movements resulted from defendant's handling of the steering wheel or factors beyond her control. The court obviously rejected the latter deduction.

The unlawful act or omission element with which we are here concerned need not be a violation of any specific section of the Vehicle Code. While such may have formerly been a requirement (*People* v. *Clenney* (1958) 165 Cal.App.2d 241, 253 [331 P.2d 696]), subdivision (c) of section 23153 of the Vehicle Code (added by Stats. 1981, ch. 940, § 10, p. 3566) now explicitly provides that "[i]n proving the person neglected any duty imposed by law in the driving of the vehicle, it is not necessary to prove that any specific section of this code was violated."

Absent a specific statutory standard, the general duty of the driver of a motor vehicle has been defined as follows: "It is the duty of the driver of any vehicle using a public street or highway to exercise ordinary care at all times to avoid placing himself or others in danger; [and] to use like care to avoid an accident; . . . [and] [to maintain a proper control of his vehicle]." (BAJI No. 5.00 (6th ed.); *Wickesser* v. *Burns* (1965) 232 Cal.App.2d 344, 347 [42 Cal.Rptr. 856]; *Scott* v. *Mackey* (1958) 159 Cal.App.2d 690, 696 [324 P.2d 703].)

We hold that the *unlawful act or neglect of duty* element of Vehicle Code section 23153 is satisfied by evidence which establishes that the defendant's conduct amounts to no more than ordinary negligence. The decision of the Court of Appeal in *People* v. *DeSpenza* (1962) 203 Cal.App.2d 283 [21 Cal.Rptr. 275], is persuasive on this point. There the defendant, charged with vehicular manslaughter, a felony in violation of Penal Code section 192, subdivision (3), contended that the unlawful act element of that offense required proof of a " 'higher degree of negligence than is required to establish negligent default on a mere civil case.' " (*Id.*, at p. 290.) The court stated: "[T]his is clearly not the law in this state . . . ." (*Ibid.*) "The court in *People* v. *Wilson,* 78 Cal.App.2d 108, . . . points up the prevailing rule—that the negligent operation of a motor vehicle is in itself an unlawful act under section 192, subdivision 3(b). In the *Wilson* case, *supra,* it was

contended that it was error for the trial court to give an instruction on ordinary negligence on the theory that ordinary negligence is not sufficient to warrant a finding defendant was guilty of manslaughter in the absence of gross negligence. The court said at page 116: 'As already stated, the negligent driving of a vehicle is an unlawful act and an element of the misdemeanor offense.'" (*Id.*, at pp. 290-291.) We see no difference, in the context of the instant case, between the unlawful act element of Penal Code section 192 at issue in *People* v. *DeSpenza, supra,* 203 Cal.App.2d 283, and the unlawful act or neglect of duty element of Vehicle Code section 23153.

The trial court's finding that defendant drove her vehicle erratically by swerving it from side to side is tantamount to a finding, particularly since the vehicle was heavily loaded, that defendant neglected the duty which the law imposes on any driver to exercise ordinary care at all times and to maintain a proper control of his or her vehicle. It is abundantly clear that this negligent conduct of the defendant caused the vehicle to go out of control with the ensuring injuries to defendant's passengers.

### Denial of Defendant's Penal Code Section 995 Motion

Defendant urges the evidence at the preliminary hearing was not sufficient to support the magistrate's order holding defendant to answer to the charge of violation of Vehicle Code section 23153 of which she was subsequently convicted. She thus contends denial of her motion to dismiss the information pursuant to Penal Code section 995 was prejudicial error. Penal Code section 995 does provide for dismissal of the information when the defendant has been committed without reasonable or probable cause. However, a defendant alleging error on appeal in the denial of such dismissal must demonstrate actual prejudice. (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941].)

Prejudice occurred, defendant claims, in that she could not anticipate what evidence the prosecution would adduce to prove the unlawful act or omission element of the crime. Assuming, arguendo, that evidence of this element was not presented at the preliminary hearing, pretrial discovery was available to the defendant for the purpose of at least learning the identity of the People's witnesses and, through that process, information which would have shed light on the prosecution's theory. However, surprise cannot stand as a reasonable complaint in this case since the witness who testified to the defendant's erratic driving was called to the stand by the defendant herself.

## The Sentence

The trial court committed defendant to state prison for the upper term of three years with execution of the sentence suspended on prescribed conditions including the service of 270 days in the county jail.

■ Defendant maintains the three-year state prison term, or any term in excess of one year, is unauthorized. We cannot agree. Vehicle Code section 23185 prescribes the punishment for defendant's crime as follows: "If any person is convicted of a violation of Section 23153 and the offense occurred within five years of a separate violation of Section 23152 or 23153 which resulted in a conviction, that person shall be punished by imprisonment in the state prison, or in the county jail for not less than 120 days nor more than one year, . . ."

The language prescribing "120 days nor more than one year," applies only when the court determines to reduce the offense to a misdemeanor and impose a county jail term as the sentence. (Pen. Code, § 17.) On the other hand if a commitment to "state prison" is prescribed, Penal Code section 18 provides that "[e]xcept in cases where a different punishment is prescribed by any law . . . every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years; . . ." The qualifying language "[e]xcept in cases where a different punishment is prescribed by law" in our view refers strictly to the punishment prescribed for the crime when treated as a felony.

In *People* v. *Cordova* (1979) 97 Cal.App.3d 665 [158 Cal.Rptr. 852], the defendant was convicted of a violation of Penal Code section 12560 which, as in the case at bar, provided for "imprisonment in the state prison or in a county jail not exceeding one year . . . ." The defendant argued that a state prison sentence could not exceed one year. The court held: "[W]e believe that the only reasonable construction of the statute sub judice supports our conclusion that the Legislature intended to provide an alternative punishment of *either* state imprisonment for conviction of a felony under the general statute (§ 18) *or* confinement in the county jail not exceeding a period of one year as a misdemeanor upon imposition of such sentence. (§ 17, subd. (b); . . .)" (*Id.,* at pp. 671-672.) The holding in *Cordova* is sound and we accordingly follow it.

### Conditions of Probation

■ Defendant finally contends the court erred in failing to impose conditions of probation under the provision of Vehicle Code section 23186.

Defendant correctly points out that section 23186 prescribes the conditions of probation for a defendant sentenced under section 23185, but she fails to state in what manner, if any, the court failed to impose the conditions of probation called for by section 23186. We have examined the trial court's sentencing order from which it appears that conditions of probation were indeed imposed in accordance with subdivision (b) of section 23186.

The judgment is affirmed.

Panelli, P. J., and Brauer, J., concurred.