[No. A024367. First Dist., Div. Four. Oct. 31, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES P. SUBRAMANI, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Part IV (only) is not published, as it does not meet the standards for publication contained in rule 976(b), California Rules of Court.

## Counsel

Charles F. Bourdon, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Matthew P. Boyle, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**POCHÉ, Acting P. J.**—In 1983 the car being driven by defendant Charles P. Subramani collided with a vehicle driven by Annette Blackwell in which Freda Brown was a passenger. As a result of that accident, defendant was charged as follows: count I, felony driving under the influence and causing injury to Blackwell (Veh. Code, § 23153, subd. (a));[2] count II, felony driving under the influence and causing injury to victim Brown (§ 23153, subd. (a)); count III, felony driving with a blood alcohol level of 0.10 percent or more and causing injury to victim Blackwell (§ 23153, subd. (b)); count IV, felony driving with a blood alcohol level of 0.10 percent or more and causing injury to victim Brown (§ 23153, subd. (b)); and count V, misdemeanor driving with a suspended license (§ 14601.1).

Prior to trial, defendant pleaded guilty to count V. Following a jury trial, the jury returned verdicts finding defendant guilty as charged as to the felony counts involving Brown (i.e., counts II and IV). As to the counts involving victim Blackwell (i.e., counts I and III) the jury returned verdicts finding defendant guilty of lesser included offenses of misdemeanor driving under the influence (§ 23152, subd. (a)) and misdemeanor driving with a blood alcohol level of 0.10 percent or more.

The primary issue on appeal concerns how many counts and convictions can stem from a single act of drunk driving which causes injury to more than one person. We conclude that a driver can be charged and convicted

---

[2]Unless otherwise indicated, all further statutory references are to the Vehicle Code.

under both subdivision (a) and (b) of section 23153, but he or she may not be punished for both.

## I.

At approximately 11:45 a.m. on March 20, 1983, defendant drove his vehicle into an uncontrolled intersection, striking broadside the vehicle driven by Blackwell in which Brown was a passenger. Blackwell suffered minor injuries; Brown sustained substantial injuries and was hospitalized for eight days.

San Francisco Police Officer Jack Cohen arrived at the accident scene and after observing and speaking to defendant, formed the opinion that he had been driving under the influence of alcohol. Defendant was unable to touch with his index finger the tip of his nose while keeping his eyes shut, though he passed two other field sobriety tests. After being advised that he was required to take a breath, blood or urine test, defendant chose the breath test. He was transported to 850 Bryant Street, where he underwent an intoxilyzer test. The first test revealed a .16 percent blood-alcohol content; the second test showed a level of .17 percent.

As to each victim, defendant was charged with one count of driving under the influence and causing bodily injury (§ 23153, subd. (a)) and one count of driving with a blood alcohol level of 0.10 percent or more and causing bodily injury (§ 23153, subd. (b)).[3] The jury returned verdicts finding defendant guilty as charged in those counts naming the victim Brown (counts II and IV) and returned verdicts finding him guilty of the lesser included misdemeanor offenses (§ 23152, subds. (a) and (b))[4] as to the counts involving victim Blackwell (counts I and III).

---

[3]At all times relevant to this proceeding, section 23153 provided in pertinent part: "(a) It is unlawful for any person, while under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver. [¶] (b) It is unlawful for any person, while having a 0.10 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver." (Former § 23153, amended by Stats. 1983, ch. 937, § 4.) A violation of either subdivision is a felony. (§ 23180.)

[4]At all times relevant to this proceeding, section 23152 provided in pertinent part: "(a) It is unlawful for any person who is under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle. [¶] (b) It is unlawful for any person who has 0.10 percent or more, by weight, of alcohol in his or her blood to drive a vehicle."

Violations of section 23152 are misdemeanors. (§ 23160.)

## II.

*The misdemeanor drunk driving counts must be vacated*

 As recently explained by the California Supreme Court, where there is one violational act of driving the actor can be charged only with one count of felony drunk driving "(i.e., one count of § 23153, subd. (a) and one count of subd. (b))" even if more than one person is injured. (*Wilkoff* v. *Superior Court* (1985) 38 Cal.3d 345, 349 [211 Cal.Rptr. 742, 696 P.2d 134].) The court explained that "the act prohibited by section 23153 is defined in terms of an act of driving: the driving of a vehicle while intoxicated, and when so driving, violating any law relating to the driving of a vehicle. The actus reas of the offense does not include causing bodily injury. Rather, where bodily injury *proximately results* from the prohibited act, the offense is elevated from a misdemeanor to a felony. [¶] Defendants are not chargeable with a greater *number* of offenses simply because the injuries proximately caused by their single offense are greater. Rather, the Legislature may provide for increased *punishment* for an offense that has more serious consequences by, for instance, raising the statutory prison terms, adding enhancements, or upgrading the offense from a misdemeanor to a felony. The number and severity of injuries proximately caused by an offense may also be considered by a trial court in sentencing." (*Wilkoff* v. *Superior Court, supra,* 38 Cal.3d at p. 352, italics in original.)

Thus, under *Wilkoff,* defendant could be *charged* only with one count of felony drunk driving (i.e., with violations of subds. (a) and (b) of § 23153); the injuries of either or both of the victims could be used as proof of the charge. (*Wilkoff* v. *Superior Court, supra,* 38 Cal.3d at p. 353, fn. 12.) Here, however, the prosecutor charged separate felony counts for each victim; that was improper. Because the felony convictions involving injury to victim Blackwell (counts II and IV) were properly charged and are supported by substantial evidence, they can stand. The misdemeanor counts (counts I and III) involving Brown are mere surplusage under *Wilkoff,* and therefore must be stricken.

## III.

*The two felony convictions are proper*

 Defendant contends that he cannot be convicted of violating both subdivisions (a) and (b) of section 23153 as a result of only his single act of drunk driving. We disagree.

Recently the California Supreme Court exhaustively reviewed and rejected various constitutional challenges to the new legislation which makes it a

criminal act to drive with a 0.10 percent or more level of blood alcohol. (§ 23152, subd. (b); see fn. 4, *ante.*) In so doing, the court defined that subdivision (b) of section 23152 as proscribing a "new and separate offense" distinct from the crime of driving under the influence of alcohol proscribed in subdivision (a) of section 23152. (See *Burg* v. *Municipal Court* (1983) 35 Cal.3d 257, 264-265 [198 Cal.Rptr. 145, 673 P.2d 732], cert. den., 466 U.S. 967 [80 L.Ed.2d 812, 104 S.Ct. 2337].) Thus, subdivision (b) of section 23152 is not an alternate definition of driving under the influence, and it is not a lesser included offense of that proscribed in subdivision (a). (At p. 265.)

The felony counterparts in section 23153, subdivisions (a) and (b) are virtually identical to the misdemeanors except that each contain the element of bodily injury or death. (See fn. 3, *ante.*) For this reason, *Burg's* characterization applies with equal force: the offenses proscribed in subdivisions (a) and (b) of section 23153 are separate from each other and neither is a lesser included offense of the other. (Accord *People* v. *Duarte* (1984) 161 Cal.App.3d 438, 445-446 [207 Cal.Rptr. 615].) Conviction under each subdivision arising from the same incident is therefore both possible and proper. (*Ibid.*)[5]

While such dual conviction is proper, dual punishment is prohibited by Penal Code section 654. (*People* v. *Duarte, supra,* 161 Cal.App.3d at pp. 446-447.) The trial court correctly applied that principle by ordering that the execution of the sentence on one of the felonies (count IV) was to be stayed in accordance with Penal Code section 654. However, the abstract of judgment, designated "Report-Indeterminate Sentence, Other Sentence Choice," does not reflect that stay; that clerical error must be corrected.

IV.[6]

*Failure to preserve a retestable breath
sample does not violate due process*

. . . . . . . . . . . . . . . . . . . . . . . .

---

[5]The California Supreme Court noted as much when it took pains in *Wilkoff* v. *Superior Court, supra,* 38 Cal.3d 345, to point out that "one instance of drunk driving is chargeable as only one count of felony drunk driving (*i.e., one count of* § *23153, subd. (a) and one count of subd. (b))* even if more than one person is injured thereby." (At p. 349, italics added, fn. omitted.)

[6]See footnote 1, *ante,* page 1106.

### *V.*

### *Conclusion*

The judgment is reversed only as to counts I and III. The abstract of judgment is modified by inserting that the sentence on count IV is stayed pursuant to Penal Code section 654. The superior court is directed to prepare an amended abstract of judgment in accordance with the views expressed herein and to deliver a corrected copy to the Department of Corrections. In all other respects, the judgment is affirmed.

Channell, J., and Sabraw, J., concurred.