Filed 12/4/15  P. v. Macias CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>GIOVANNI GREGORIO MACIAS,<br><br>      Defendant and Appellant. | B258519<br><br>(Los Angeles County<br>Super. Ct. No. KA099046) |

      APPEAL from a judgment of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Affirmed.

      Michelle T. Livecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

      Kamala D. Harris, Attorney General, Gerard A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Giovanni GregorioMacias appeals from a sentence of 10 years, eight months following his convictions for driving under the influence (DUI) causing injury and for driving with a blood alcohol level of 0.08 percent causing injury. He contends the trial court erred in not instructing the jury on the lesser included offenses of DUI without causing injury and driving with a blood alcohol level of 0.08 percent without causing injury. Appellant also challenges his sentence on various grounds. For the reasons explained below, we find no reversible error. Accordingly, we affirm the judgment.

# STATEMENT OF THE CASE

A jury found appellant guilty of driving under the influence causing injury (Veh. Code, § 23153, subd. (a); count 1),[1] and driving with a blood alcohol level of 0.08 percent or more, causing injury (§ 23153, subd. (b); count 2). It found true the allegation that appellant personally inflicted great bodily injury (GBI) (Pen. Code, § 12022.7, subd. (a)).

Appellant admitted he had served a prior prison term (Pen. Code, § 667.5, subd. (b)), and that he had suffered a prior "strike," a conviction for a serious or violent felony (§§ 667, subds. (a) & (b)(1), 1170.12, subds. (a)-(d)). The court sentenced appellant to the low term of 16 months on count 1, doubled for the prior strike, plus five years for the serious and violent felony allegation and three years for the GBI allegation. It imposed the same sentence on count 2, and stayed it pursuant to Penal Code section 654.

Appellant filed a timely notice of appeal.

---

[1]     All further statutory citations are to the Vehicle Code , unless otherwise stated.

## STATEMENT OF THE FACTS

A.     Prosecution Case

On June 9, 2012, at around 5:30 a.m., Peter Armas was crossing the street when he was hit by appellant's car.  He suffered multiple injuries, and had to undergo five surgeries.  As a result of the accident, Armas suffered a permanent injury to his left ankle that prevents him from lifting his left foot.

West Covina Police Officer Abel Hernandez arrived shortly after the incident.  He interviewed appellant, who provided several explanations for the accident.  Appellant initially told the officer that another vehicle had broadsided his vehicle resulting in his vehicle striking Armas.  Officer Hernandez observed no vehicle damage consistent with this story.  Appellant then stated that the other vehicle had cut him off, that he took "evasive action" and turned the steering wheel, causing it to collide with the curb.  Appellant told the officer he did not recall hitting a pedestrian.  Based on the physical evidence and his interview of appellant, Officer Hernandez concluded that appellant was driving eastbound, crossed over to the opposite lane, hit the sidewalk, and then struck Armas.

Officer Hernandez observed signs that appellant was intoxicated, but appellant denied he had been drinking.  Appellant also stated that he had gotten eight hours of sleep the prior night.  Appellant declined to have his blood alcohol tested by a breath analyzer, opting to have his blood drawn and tested for alcohol.  A field sobriety test indicated that appellant was impaired.

Appellant was arrested, and taken to the police station where his blood was drawn at approximately 7:40 a.m.  An analysis of the drawn blood indicated appellant had a blood alcohol level of 0.08 percent.  The same blood was tested in January 2013 by a defense expert, and the analysis indicated that the blood alcohol

level was 0.06 percent. A criminalist testified that the result of 0.06 percent was consistent with the prior result of 0.08 percent because alcohol would evaporate when the vial containing the drawn blood was opened. The criminalist further opined that if appellant had a blood alcohol level of 0.08 percent at 7:40 a.m., appellant's blood alcohol level was likely higher at the time of the accident.

B.     Defense Case

Appellant did not testify. Alexandra Castruita, a friend of appellant's, was present with him from the evening of June 8 to the early morning of June 9, 2012. During that time, appellant was driving a "party bus" for a bachelor party. Castruita observed appellant drinking half a beer at around 12:00 a.m., and a "Jager bomb," a shot of Jagermeister mixed with an energy drink, at around 1:00 a.m.

**DISCUSSION**

A.     *Appellant was not Entitled to a Jury Instruction on the Lesser Included Offense of Driving Under the Influence Without Injury.*

Appellant was charged with violating section 23153, subdivision (a), which provides: "It is unlawful for a person, while under the influence of any alcoholic beverage to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver." Appellant was also charged with violating section 23153, subdivision (b) which provides: "It is unlawful for a person, while having 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and concurrently do any act forbidden by law,

4

or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

When the trial court and the parties discussed proposed jury instructions, defense counsel requested that the trial court instruct the jury on the lesser included offenses of "simple DUI [driving under the influence] without injury," set forth in section 23152, subdivisions (a) and (b). Section 23152, subdivision (a) provides: "It is unlawful for a person who is under the influence of any alcoholic beverage to drive a vehicle." Subdivision (b) of the same statute provides: "It is unlawful for a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle." Defense counsel argued that the accident could have been caused by a "non-volitional act" of falling asleep. The prosecutor responded that if the jury were instructed on the lesser included offenses, it should also be instructed on ordinary negligence because falling asleep would be a violation of the duty of care imposed by law in driving a vehicle. The trial court agreed with the prosecutor, stating that falling asleep at the wheel would be a failure to exercise due care and would thus violate section 23153. It denied the request to instruct on the lesser included offenses.

Appellant contends the trial court erred in not instructing on the lesser included offenses of sections 23152, subdivisions (a) and (b). We independently review a trial court's failure to instruct on a lesser included offense. (*People v. Licas* (2007) 41 Cal.4th 362, 366; *People v. Posey* (2004) 32 Cal.4th 193, 218.) "'The trial court is obligated to instruct the jury on all general principles of law relevant to the issues raised by the evidence, whether or not the defendant makes a formal request.' [Citations.] 'That obligation encompasses instructions on lesser included offenses if there is evidence that, if accepted by the trier of fact, would absolve the defendant of guilt of the greater offense but not of the lesser.'"

5

(*People v. Rogers* (2006) 39 Cal.4th 826, 866, quoting *People v. Blair* (2005) 36 Cal.4th 686, 744-745.)

Aside from causing injury, the main difference between section 23153 (the charged offenses) and 23152 (the requested lesser included offenses) is that the former requires that the driver do an act forbidden by law or neglect a duty imposed by law in driving the vehicle. Although appellant acknowledges that ordinary negligence can satisfy this element, he argues that a jury could have found he "fell asleep at the wheel unrelated to alcohol, in a non-negligent way." Appellant contends the trial court improperly precluded the jury from making this finding when it denied the request for an instruction on the lesser included offenses. We disagree.

A driver on a public street or highway must exercise ordinary care to avoid putting himself or others in danger, to avoid accidents, and to maintain control of the vehicle. (*People v. Oyaas* (1985) 173 Cal.App.3d 663, 669.) It is well established that "falling asleep while driving is sufficient to establish a *prima facie* case of ordinary negligence . . . , whereupon it becomes incumbent upon the defendant to offer proof of circumstances in excuse or justification of his conduct." (*Cooper v. Kellogg* (1935) 2 Cal.2d 504, 509.) Accordingly, unless appellant could show justification or legal excuse for falling asleep, a jury could not, as a matter of law, find that he fell asleep at the wheel in a nonnegligent manner. Appellant failed to meet his burden to show justification or legal excuse. Although appellant suggests that he may have fallen asleep due to overwork or lack of rest the previous night, no evidence was presented that he was compelled to drive while deprived of sleep. Nor was there evidence that appellant suffered from an undiagnosed medical condition, such as narcolepsy, or had been prescribed medication that unknowingly caused drowsiness. In short, appellant did not

6

demonstrate that the victim's injuries resulted from appellant's "non-volitional" act that was either justified or legally excused. Accordingly, the trial court did not err in refusing to instruct the jury on the lesser included offenses.

B. *The Trial Court Exercised and Acted Within its Discretion in Sentencing Appellant.*

During the posttrial hearings that occurred over a period of months, the trial court noted on several occasions the difficulty it was experiencing in determining the appropriate sentence. For example, the court noted that defense counsel had filed a *Romero*[2] motion to strike appellant's prior strike and had requested that the court grant appellant probation, but opined that the case warranted "custody time." At the sentencing hearing, the court reiterated that it had thought about the appropriate sentence for the past three months, had reviewed the file, and had considered appellant's individual situation, the community as a whole, and the impact on the victim.

After considering all the facts and circumstances, including appellant's school records and letters on his behalf, the trial court denied the *Romero* motion to dismiss the prior strike. The court characterized the prior strike, a robbery, as "aggravated and serious." Appellant had accosted a woman and her two children using a replica gun as the woman returned home from work. The court further noted that appellant had been on parole only 13 months when he committed the instant offenses. "So I think the prior felony was very serious, very aggravated, and again, it was recent." Additionally, the court observed that appellant had a criminal history prior to his robbery conviction.

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

With respect to the GBI enhancement, the court stated it had considered striking the finding, but concluded, "I cannot, in good consci[ence], do that under the circumstances of this case." The court observed that "Mr. Armas is likely going to be handicapped for the rest of his life . . . ." The court did strike the one-year enhancement for the prior prison term finding, and sentenced appellant to the low term on the charged offenses.

Appellant contends the trial court imposed an inappropriate sentence as a result of its failure to recognize its broad sentencing discretion. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 847-848 [failure to exercise sentencing discretion may be an abuse of discretion].) We disagree. The record conclusively demonstrates the trial court was aware of its sentencing discretion and conscientiously exercised that discretion. With respect to the GBI enhancement, the trial court considered striking the finding, but declined to do so in light of the victim's serious injuries. The decision was well within the court's discretion.

Similarly, the court was aware of its discretion to grant appellant's *Romero* motion to dismiss the prior strike. "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, . . . the court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) "[A] trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances," such as where the resulting sentence is ""arbitrary, capricious or patently absurd"" under the

8

specific facts of a particular case.  (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)  Here, the trial court considered the appropriate factors and imposed a rational, nonarbitrary sentence.  The court's determination, based on the totality of the circumstances, that appellant did not fall outside the spirit of the Three Strikes law was well within its discretion.  Accordingly, the trial court did not abuse its discretion in denying appellant's *Romero* motion.

Appellant also contends the trial court should have accepted defense counsel's proposal to sentence appellant to a year in county jail, which would have resulted, effectively, in a three year sentence, based on appellant's waiver of credit for time served.  In light of the current offenses and appellant's serious criminal history, we conclude the trial court acted within its discretion in declining to adopt defense counsel's proposal and instead imposing the mandatory minimum sentence.

Finally, appellant suggests the trial court could have imposed a lesser sentence based on a determination that the mandatory minimum sentence was cruel and unusual.  Whether a sentence is cruel and unusual is a fact intensive issue, and depends on the nature and facts of the crime and offender.  (See *People v. Weddle* (1991) 1 Cal.App.4th 1190, 1196-1197.)  Here, appellant did not produce a factual record sufficient for the trial court even to consider the claim.  Thus, he forfeited the argument.  Were we to consider it, we would conclude that imposition of the low term, enhanced for the GBI allegation and appellant's serious criminal history, is not cruel and unusual.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.

10