Filed 11/2/20

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073190 |
| v. | (Super.Ct.No. INF1600210) |
| CHRISTOPHER EUGENE STOCKMAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Bambi J. Moyer, Judge. Affirmed.

Law Offices of John F. Schuck and John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

This appeal presents a single issue relating to the model jury instructions for driving under the influence (DUI) causing injury (Veh. Code,[1] § 23153, subdivision (a)), and its lesser included offense of DUI (§ 23152, subd. (a)).  Those model instructions differ in a manner that defendant and appellant Christopher Eugene Stockman contends affected his jury verdict.

The instruction on the lesser offense of DUI, CALCRIM No. 2110, directs the jury that the "manner in which a person drives is not enough by itself to establish" that the person was "under the influence," though it may be considered along with other factors.  The instruction for DUI causing injury, CALCRIM No. 2100, contains no such direction.  Stockman unsuccessfully sought a modified version of CALCRIM No. 2100 that would harmonize the two instructions.

We agree with Stockman that there is no basis to provide differing instructions for determining whether a person is "under the influence" as to these two offenses.  We publish this opinion to encourage trial courts not to provide differing instructions for the two offenses, and we likewise encourage the Judicial Council of California to consider reconciling the two instructions by amending either CALCRIM No. 2100 or CALCRIM No. 2110 to eliminate this disparity.  We conclude, however, that the "manner of driving" instruction implicates principles of law that have no bearing on this case.  Thus, we conclude any error was harmless.

---

[1] Further undesignated statutory references are to the Vehicle Code.

## I. BACKGROUND

At around 9:45 p.m. on June 2, 2012, Stockman was driving when his car struck and killed a bicyclist, Gerald Weiss. The car and bicycle were travelling in the same direction on a road when the car ran into the bicycle from behind. Stockman testified at trial that he saw Weiss only immediately before the collision, and that he tried to brake and swerve to avoid him. Accident investigators, however, found no evidence on the road of tire friction marks, which might have demonstrated hard braking or steering. Stockman testified that he was travelling around the speed limit of 50 miles per hour at the time of the collision.

Sheriff's deputies arrived shortly after the collision and spoke with Stockman, who had remained at the scene and was "visibly upset." Stockman admitted that he had consumed some alcohol, but denied feeling any effects and described his driving as "perfect." Nevertheless, he showed signs of intoxication—red and watery eyes, slurred speech, an odor of alcohol on his breath—and he failed several field sobriety tests. Preliminary alcohol screening tests, based on breath samples taken about an hour after the accident, showed a blood alcohol content of .179 percent and .189 percent. A blood sample, taken about two hours after the accident, had a blood alcohol content of .14 percent.

Stockman was tried on two counts: (1) DUI causing injury (§ 23153, subd. (a), count 1), and (2) driving with a blood alcohol content of .08 percent or more and causing injury (§ 23153, subd. (b), count 2). As to both counts, it was alleged that Stockman had

personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)).  Only count 1 is at issue in this appeal.

Regarding count 1, the trial court instructed the jury on the charged offense of DUI causing injury (§ 23153, subd. (a)) and its lesser included offense of DUI (§ 23152, subd. (a)) using the applicable model instructions, CALCRIM Nos. 2100 and 2110.  For our purposes, the relevant portions of these instructions are the following.  As given, both instructions defined "under the influence" using the same language:  "A person is *under the influence* if, as a result of drinking or consuming an alcoholic beverage, his or her mental or physical abilities are so impaired that he or she is no longer able to drive a vehicle with the caution of a sober person, using ordinary care, under similar circumstances."  (See CALCRIM Nos. 2100, 2110.)  The instruction for DUI, unlike the instruction for DUI with injury, elaborated:  "The manner in which a person drives is not enough by itself to establish whether the person is or is not under the influence of an alcoholic beverage.  However, it is a factor to be considered, in light of all the surrounding circumstances, in deciding whether the person was under the influence." (See CALCRIM Nos. 2100, 2110.)

Stockman requested that the trial court add CALCRIM No. 2110's language regarding manner of driving to the jury's instruction for DUI causing injury, otherwise derived from CALCRIM No. 2100.  The trial court declined to do so.

4

The jury found Stockman guilty as charged on both counts 1 and 2, and found true that he had personally inflicted great bodily injury. The trial court placed him on five years of formal probation, and imposed and suspended a sentence of five years in prison.

## II. DISCUSSION

Stockman argues that his conviction for DUI causing injury must be reversed because the trial court erred by denying his request to instruct the jury for that crime with the same directive that it used for the lesser included offense of DUI. We find no prejudicial error.

"We review de novo whether a jury instruction correctly states the law." (*People v. Lopez* (2011) 198 Cal.App.4th 698, 708.) "Our task is to determine whether the trial court "'fully and fairly instructed on the applicable law.'"" (*Ibid.*) "It is well established in California that the correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction." (*People v. Burgener* (1986) 41 Cal.3d 505, 538.)

The offense of DUI is committed when a person drives under the influence of alcohol or a drug, regardless of the manner in which that person drives. It is uncontroversial that DUI model instruction, CALCRIM 2110, correctly states the law in its directive about a defendant's manner of driving. (See *People v. Rice* (1988) 200 Cal.App.3d 647, 652-653 [upholding similarly worded instruction].) It is well established that a defendant's manner of driving may be considered, along with any other relevant evidence, in determining whether a defendant was driving under the influence.

5

(*People v. Weathington* (1991) 231 Cal.App.3d 69, 83-84 (*Weathington*) [so holding, citing *People v. Torres* (1959) 167 Cal.App.2d 36, 38].)  CALCRIM No. 2110 correctly describes this principle:  the defendant's manner of driving "is a factor to be considered, in light of all the surrounding circumstances, in deciding whether the person was under the influence."  (See CALCRIM No. 2110.)

As well, CALCRIM No. 2110 also correctly states that a defendant's manner of driving *alone* is not enough to sustain a finding that the defendant was under the influence of alcohol (or some other drug).  The instruction states:  "The manner in which a person drives is not enough by itself to establish whether the person is or is not under the influence . . . ."  (See CALCRIM No. 2110.)  In support of this principle, CALCRIM No. 2110 cites *People v. McGrath* (1928) 94 Cal.App.520, 524 (*McGrath*).  (CALCRIM No. 2110.)  *McGrath* held that reckless driving is not a lesser included offense of DUI. (*McGrath,* 94 Cal.App. at p. 524.)  In explaining its holding, *McGrath* commented:  "The determining factor [in trial of a DUI charge] relates . . . to the mental and physical condition of the driver, that is, his ability to operate his car, *and not to the manner in which the car is being actually driven*, nor the result of its operation.  The commission of the crime is complete when such person engages in the act of driving an automobile upon the public highway while under the influence of intoxicating liquor as that term is defined by the decisions of this state [citation], even though there are no other travelers on the highway at that time [citation], or, if there are, that he has driven his car in such manner as did not in fact endanger their safety."  (*McGrath*, 94 Cal.App. at p. 524 (italics

6

added).)  Apparently, this aspect of CALCRIM No. 2110's manner of driving instruction has rarely, if ever, been applied, especially in appeals.  We have discovered no published opinion after *McGrath* that turns on application of the principle that manner of driving alone is not enough to demonstrate intoxication.  Nevertheless, we believe the instruction to correctly state the law.

Unlike a simple DUI, the offense of DUI causing injury is not committed without an effect of the defendant's driving.[2]  (See *People v. Oyaas* (1985) 173 Cal.App.3d 663, 667 [listing elements of DUI causing injury].)  *McGrath*'s observation about the irrelevance of the "result" of operating a vehicle while intoxicated is obviously inapplicable to the offense of DUI *causing injury*.  (*McGrath*, *supra*, 94 Cal.App. at p. 524.)  Unlike simple DUI, DUI causing injury requires negligence, which necessarily requires consideration of the defendant's manner of driving.  (See *ibid.*; *People v. Oyaas*, *supra*, 173 Cal.App.3d at p. 667; CALCRIM No. 2100.)

---

[2]  As given in this case, CALCRIM No. 2100 describes the elements of DUI causing injury as follows:  "(1) The defendant drove a vehicle; [¶] (2) When he drove a vehicle, the defendant was under the influence of an alcoholic beverage; [¶] (3) While driving a vehicle under the influence, the defendant also committed an illegal act or neglected to perform a legal duty; [¶] AND [¶] (4) The defendant's illegal act or failure to perform a legal duty caused bodily injury to another person."  (See CALCRIM No. 2100.)

On the issue of whether the defendant drove a vehicle while under the influence, however, the two offenses are identical. (See *People v. Subramani* (1985) 173 Cal.App.3d 1106, 1111 [section 23153 is a counterpart of section 23152, with section 23153 containing additional elements other than driving under the influence].) We can discern no reason why the instructions concerning whether the defendant was under the influence should differ for the two offenses.

For purposes of this appeal, then, our question is whether the jury was fully and fairly instructed on the applicable law even though it received no specific direction on how to consider evidence of manner of driving in relation to the offense of DUI causing injury. (See *People v. Lopez*, *supra*, 198 Cal.App.4th at p. 708.) We hold that it was.

In substance, the manner of driving language in CALCRIM No. 2110 is a specific application of more general principles regarding the sufficiency of circumstantial evidence. Stockman's jury was given CALCRIM No. 224, which states that for the jury to find "that a fact necessary to find the defendant guilty" has been proven beyond a reasonable doubt based on circumstantial evidence, it must be "convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty." (See CALCRIM No. 224; *People v. Bender* (1945) 27 Cal.2d 164, 175.) A defendant's manner of driving may or may not provide circumstantial evidence of intoxication. If a driver is having trouble staying in her lane, for example, it may tend to show indirectly that she is under the influence. But there are other reasonably likely causes for such a manner of driving, such as a medical emergency, sleep deprivation, or

8

distracted driving. Conversely, an intoxicated driver may manage to drive without weaving or otherwise appearing intoxicated, but that does not make her any less under the influence. (*McGrath*, *supra*, 94 Cal.App. at p. 524.) It would be inappropriate, therefore, for a jury to find that a defendant was or was not driving under the influence based solely on evidence of manner of driving, even though such evidence may be considered as one factor among others. Doing so would contravene not only CALCRIM No. 2110 instruction for DUI, but also CALCRIM No. 224, which applies to any circumstantial evidence presented at trial and to any charged or lesser included offense.

Although the manner of driving instruction from CALCRIM 2110 was lacking for the offense of conviction, CALCRIM No. 224 gave Stockman the ability to refer to jury instructions in arguing to the jury that the manner of driving alone cannot support a finding of being under the influence. Stockman at most was lacking a directive from the court that a particular type of circumstantial evidence (the manner of driving) is in fact insufficient to carry the prosecution's burden.

Here, however, there is no indication that defendant would have obtained any assistance from such a more specific court directive to the jury. The prosecution's contention that Stockman drove under the influence did not rest *at all* on his manner of driving, let alone *solely* on his manner of driving. The evidence of intoxication consisted of the various physical signs of intoxication Stockman displayed, his poor performance on field sobriety tests, and his high blood alcohol content. The prosecution presented no evidence, and made no arguments, that Stockman's manner of driving before the accident

9

tended to show that he was intoxicated. There is no indication that Stockman had a need to make an argument based on the manner of driving instruction, as there might be if (for example) he had made a jury argument based on CALCRIM No. 224 but lacked a more specific instruction to wield. It likewise is implausible that the jury found Stockman to be intoxicated based solely on the manner of his driving, no matter their instructions or lack thereof on the issue. There was no logical reason for it to do so. Any error in the trial court's denial of Stockman's request to modify CALCRIM No. 2100 to include the language regarding manner of driving from CALCRIM No. 2110 was therefore harmless under any standard.

Indeed, we note that on these facts, the absence of CALCRIM No. 2110's manner of driving language in theory could have worked in Stockman's *favor*. CALCRIM No. 224 limits consideration of circumstantial evidence in factual findings necessary to support a guilty verdict, but not those that could support an acquittal. In contrast, CALCRIM 2110 states that manner of driving alone cannot show whether a defendant "is or is not" under the influence of alcohol or a drug. The absence of the manner of driving instruction from CALCRIM No. 2110 allowed for the theoretical possibility of a jury finding Stockman was *not* under the influence based solely on his testimony that his manner of driving was "perfect."

Stockman argues that "there was substantial evidence that the incident was a mere accident and that [his] intoxication did not play a part," so he therefore was prejudiced by the failure to modify CALCRIM No. 2100 to include direction regarding manner of driving analogous to the instruction in CALCRIM No. 2110. Stockman's conclusion, however, does not follow from his premises. First, the manner of driving instruction concerns whether Stockman was under the influence of alcohol. It does not concern whether Stockman drove in a negligent manner, nor whether his driving was the cause of the victim's injuries. These are separate analyses, addressed by other elements of the DUI with injury offense. Secondly, the manner of driving instruction directs that the jury may not make a finding that the defendant was intoxicated based *solely* on evidence of his manner of driving. It does *not* suggest that, if defendant's manner of driving did not tend to demonstrate intoxication, then he should be acquitted, as Stockman seems to read it.

In short, we are persuaded that there is no discernable reason for the model jury instructions CALCRIM No. 2100 and CALCRIM No. 2110 to differ from one another with respect to the jury's determination of whether the defendant was under the influence. That element is the same for each offense.

We also are persuaded that, despite the differences between CALCRIM No. 2100 and CALCRIM No. 2110, Stockman's jury was fully and fairly instructed on the applicable law for DUI causing injury, and that any arguable error arising from the lack

11

of specific instruction regarding how to treat evidence of the defendant's manner of driving with respect to that charge was not prejudicial in his case.

### III.  DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

RAPHAEL _____
J.

We concur:

MCKINSTER _____
Acting P. J.

FIELDS _____
J.