Filed 5/29/24  P. v. Hunter CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

# DIVISION ONE

# STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D082143 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE404034) |
| NORVEL HUNTER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel L. Lamborn, Judge.  Reversed and remanded with instructions.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Liz Sulaiman, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

Norvel Hunter led California Highway Patrol (CHP) officers on a high-speed chase during which he drove his vehicle recklessly and while under the influence of alcohol. He pleaded guilty to four criminal charges in connection with the chase: evading a peace officer with reckless driving (Veh. Code,[1] § 2800.2, subd. (a); count 1); driving while under the influence of alcohol (§ 23152, subd. (a); count 2); driving while having a blood alcohol level of 0.08 or higher (*id.*, subd. (b); count 3); and driving with a suspended or revoked driving privilege (§ 14601.1, subd. (a); count 4). The trial court sentenced Hunter to eight months in prison for count 1, ordered the sentence for count 1 to run consecutive to a 32-month sentence imposed in a prior criminal case, and imposed concurrent one-year sentences for counts 2 through 4 with credit for time served.

On appeal, Hunter contends the court should have stayed punishment for either count 2 or count 3 under Penal Code section 654 because both charges arose from the same act of driving after excessive drinking. He also claims the abstract of judgment does not accurately reflect the number of credits to which he is entitled. The People concede these errors and we accept this well-taken concession. Thus, we reverse the judgment and remand the matter with instructions that the trial court resentence Hunter and prepare a corrected abstract of judgment accurately reflecting the number of credits he will have earned as of the date of the corrected abstract of judgment.

---

[1] Further undesignated statutory references are to the Vehicle Code.

## II

## BACKGROUND

On January 1, 2021, at about 1:55 a.m., uniformed CHP officers in a marked patrol vehicle observed an SUV weaving dramatically within its lane of traffic on the freeway. The officers positioned their vehicle behind the SUV and activated the vehicle's patrol lights to effectuate a traffic stop. The driver of the SUV, later identified as Hunter, slowed down and exited the freeway. Instead of stopping, however, he drove the SUV through a red light at a traffic intersection, got back on the freeway, and tried to evade the pursuing officers while driving at speeds exceeding 100 miles per hour. During the ensuing chase, which took place over multiple freeways and side streets, Hunter drove the wrong way down one street and ran through several stop signs and red lights.

After about 40 minutes, Hunter abandoned his SUV and fled on foot. Law enforcement officers apprehended him shortly thereafter. At the preliminary hearing, the parties stipulated that Hunter had a blood alcohol concentration of between 0.10 and 0.15 percent while he was driving. They also stipulated that Hunter's driving privilege was suspended or revoked while he was driving and he knew his driving privilege was suspended or revoked.

On October 14, 2021, the district attorney filed an information charging Hunter with evading a peace officer with reckless driving (count 1), driving while under the influence of alcohol (count 2), driving while having a blood alcohol level of 0.08 percent or more (count 3), and driving with a suspended or revoked driving privilege (count 4). The information alleged Hunter committed count 1 while he was released from custody on bail for an earlier felony offense in case number SCS313955. It also alleged he

3

committed counts 2 and 3 while driving at an excessive speed (§ 23582, subd. (a)).

On August 11, 2022, Hunter pleaded guilty to all counts and admitted all allegations pursuant to an indicated sentence of eight months.

On April 27, 2023, the trial court struck the on-bail enhancement for count 1, imposed a prison sentence of eight months for count 1 (one-third the midterm), and ran the eight-month sentence consecutive to a separate 32-month sentence that was previously imposed in case number SCS313955. For counts 2–4, the court imposed concurrent 1-year sentences with credit for time served. Therefore, Hunter's total sentence was three years four months.

Hunter obtained a certificate of probable cause and timely appealed the judgment of conviction.

III

DISCUSSION

A. *The Trial Court Erred by Imposing Separate Punishments for Counts 2 and 3*

Hunter contends the trial court erred by imposing multiple sentences for counts 2 and 3. Specifically, he claims Penal Code section 654 barred the court from imposing separate punishments for counts 2 and 3 because both charges were based on the same act of driving after having engaged in excessive drinking. The People concede error. We agree with the parties that Penal Code section 654 prohibited the imposition of separate punishments for counts 2 and 3.

Penal Code section 654 states, in relevant part, "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or

4

omission be punished under more than one provision." (Pen. Code, § 654, subd. (a).) Penal Code section 654 "precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 294.) "[T]he purpose of [Penal Code] section 654 is to ensure that a defendant's punishment will be commensurate with his culpability." (*People v. Correa* (2012) 54 Cal.4th 331, 341.) " 'Whether [Penal Code] section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination.' [Citation.] The court's express or implied findings in support of its determination that [Penal Code] section 654 does not apply will be upheld on appeal if substantial evidence supports them." (*People v. Cruz* (2020) 46 Cal.App.5th 715, 737.)

Here, the trial court's imposition of separate concurrent one-year terms for counts 2 and 3 reflect an implied factual finding that the charges were not based on a single act or indivisible course of conduct. Like the parties, we believe substantial evidence does not support the trial court's implied factual finding on this issue. "[I]t is well settled that a defendant may be convicted of both driving under the influence of alcohol and driving with a blood-alcohol level of 0.08 percent or more" under section 23152, subdivisions (a) and (b). (*People v. Toure* (2015) 232 Cal.App.4th 1096, 1106 (*Toure*).) "Although he may be *convicted* on both, a defendant may not be *sentenced* under both subdivisions where both charges relate to the same act of driving . . . ." (*Ibid.*, italics added; see also *People v. Subramani* (1985) 173 Cal.App.3d 1106, 1108–1109 ["a driver can be charged and convicted under both subdivision[s] (a) and (b) of section 23153 [a statutory provision prohibiting a person from driving while intoxicated and causing bodily injury to a person other than the driver], but he or she may not be punished

5

for both."]; *People v. Duarte* (1984) 161 Cal.App.3d 438, 447 ["defendant was convicted of two offenses arising from one prohibited activity, driving after excessive drinking. Although the activity became criminal in two ways . . . it took place in only *one way*."].)

In short, count 2 (driving while under the influence of alcohol) and count 3 (driving with a blood alcohol level of 0.08 or higher) were both based on Hunter's single act of driving after having engaged in excessive drinking. Thus, the court violated Penal Code section 654 when it imposed separate punishments for both charges. (*Toure, supra*, 232 Cal.App.4th at p. 1106.)

In light of this error, the parties jointly urge us to remand the matter for the trial court to resentence Hunter. We agree with the parties that a remand is appropriate solely for resentencing purposes. (See *People v. Washington* (2021) 61 Cal.App.5th 776, 799 [vacating sentence and remanding matter for resentencing due to Penal Code section 654 violation].) Thus, we reverse the judgment and remand the matter to the trial court with instructions to resentence Hunter in a manner consistent with Penal Code section 654. We do not constrain the court's discretion in fashioning an appropriate sentence during the resentencing, except to observe that Penal Code section 654 prohibits the imposition of multiple punishments for both counts 2 and 3.

B. *The Abstract of Judgment Must be Corrected to Reflect the Accurate Number of Credits*

Hunter also argues the abstract of judgment does not accurately reflect the number of credits for his consolidated sentence in case number SCS313955 and the current case. Once more, the People agree with Hunter, and so do we.

On August 25, 2022, Hunter was sentenced to prison for 32 months in case number SCS313955, and he began serving his sentence immediately. The abstract of judgment for case number SCS313955 states that he had 134 credits, consisting of 117 actual custody credits and 17 good conduct credits.[2]

Hunter pleaded guilty to the charges at issue here while he was in custody. On April 27, 2023, the court sentenced him to an eight-month term for count 1 to run consecutive to his 32-month sentence from case number SCS313955. Where, as here, a determinate sentence is imposed consecutive to a previously imposed determinate sentence, the court "must pronounce a single aggregate term . . . stating the result of combining the previous and current sentences. In those situations: [¶] (1) The sentences on all determinately sentenced counts in all the cases on which a sentence was or is being imposed must be combined as though they were all counts in the current case." (Cal. Rules of Court, rule 4.452(a)(1).) Further, when a court modifies a sentence that is in progress—for example, when a court resentences a defendant to a single aggregate term under California Rules of Court, rule 4.452—the "court should, 'in its new abstract of judgment, . . . credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time[.]' " (*People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012.)

---

2    Hunter filed a motion to augment the record with the abstract of judgment from case number SCS313955. We construe the motion as a request for judicial notice and, so construed, grant the request. (Evid. Code, § 452, subd. (d).)

The abstract of judgment prepared below accurately shows that Hunter is serving a total prison sentence of three years four months (32 months for the convictions in case number SCS313955 and eight months for his count 1 conviction in the current case). However, it shows that he was awarded a mere four days of actual custody credits in total (apparently for the time he spent in custody from January 1 to January 4, 2021). Thus, the abstract of judgment for the aggregate sentence improperly omits the presentence custody credits Hunter previously earned in case number SCS313955, as well as the actual days he spent in custody between August 25, 2022 (the date of his sentencing in case number SCS313955) and April 27, 2023 (the date of his sentencing in the present case).

When the trial court resentences Hunter, it is instructed to prepare a corrected abstract of judgment that accurately reflects the number of credits to which Hunter will be entitled as of the date of the corrected abstract of judgment, including the presentence credits he previously earned in case number SCS313955 and the actual days he will have served in custody as of the date of the corrected abstract of judgment.

IV

DISPOSITION

The judgment is reversed and the matter is remanded to the trial court solely for purposes of resentencing. During resentencing, the trial court shall refrain from imposing multiple punishments for counts 2 and 3 pursuant to Penal Code section 654. The trial court shall also prepare and forward to the Department of Corrections and Rehabilitation a corrected abstract of judgment accurately reflecting the credits to which Hunter is entitled, including the presentence credits he previously earned in case

8

number SCS313955 and the actual days he will have served in custody as of the date of the corrected abstract of judgment.

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

DATO, J.

9